# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| Alanta Harris, | |
| Plaintiff, | Civil Action No.: _____ |
| v. | |
| Student Assistance Corporation; and DOES 1-10, inclusive, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendants. | |

For this Complaint, the Plaintiff, Alanta Harris, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Alanta Harris ("Plaintiff"), is an adult individual residing in Milwaukee, Wisconsin, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant Student Assistance Corporation ("SAC"), is a Delaware business entity with an address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Does 1-10 (the "Agents") are individual employees and/or agents employed by SAC and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6. SAC at all times acted by and through one or more of the Agents.

## FACTS

7. Within the last year, SAC began placing calls to Plaintiff's cellular telephone, number 414-xxx-2762.

8. During all times mentioned herein, SAC called Plaintiff on her cellular telephone using an automatic telephone dialing system ("ATDS").

9. On June 5, 2017, Plaintiff spoke with SAC and demanded that all calls to her cellular phone cease.

10. Thereafter, SAC continued placing automated calls to Plaintiff's cellular phone without Plaintiff's consent. The repeated calls caused Plaintiff significant inconvenience.

## COUNT I

## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, et seq.

11. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

12. At all times mentioned herein and within the last four years, Defendants called Plaintiff on her cellular telephones using an ATDS or predictive dialer.

13. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will

2

answer the phone and a [representative] will be available to take the call…"2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

14. Defendants' telephone systems have some earmarks of a Predictive Dialer.

15. Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

16. Defendants contacted Plaintiff by means of automatic telephone calls to her cellular phone knowing that it lacked consent to call her number in light of her revoking her consent. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

17. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

18. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

19. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendants:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 6, 2017

                    Respectfully submitted,

                    By /s/ Amy L. Cueller

                    Amy L. Cueller, Esq. #15052-49
                    LEMBERG LAW, L.L.C.
                    43 Danbury Road, 3rd Floor
                    Wilton, CT 06897
                    Telephone: (203) 653-2250
                    Facsimile: (203) 653-3424
                    E-Mail: acueller@lemberglaw.com
                    Attorneys for Plaintiff